USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 30, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JOSE SORIANO,

                Defendant.

19-CR-327 (KMW)

ORDER

---

KIMBA M. WOOD, District Judge:

       On December 15, 2020, Jose Soriano was sentenced principally to a term of imprisonment of 65 months after he pleaded guilty to conspiring to import cocaine into the United States, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(A), and conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (J. at 1-3, ECF No. 29.) On December 13, 2023, Soriano moved *pro se* for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B.10. (Def.'s Mot., ECF No. 40.) On December 18, 2023, the Federal Defenders submitted a letter supplementing Soriano's *pro se* motion.[1] (Def.'s Suppl. Mot., ECF No. 43.) On December 21, 2023, the Government submitted a letter in opposition to Soriano's motion. (Gov't Opp'n, ECF No. 45.) On January 03, 2024, the Federal Defenders replied. (Def.'s Reply, ECF No. 46.)

       Pursuant to Section 3582(c)(2), a court may reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after

---

[1] The Federal Defenders is representing Soriano pursuant to the standing order of the Chief Judge of this District.

considering the [Section 3553(a) factors,] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Effective November 1, 2023, in its Amendment 821, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines Manual. As relevant here, Part B amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria.

The parties agree that Soriano qualifies for a sentence reduction pursuant to Amendment 821. (Def.'s Suppl. Mot. at 2-3; Gov't Opp'n at 1-2.) Soriano's original Guidelines range was 70 to 87 months' imprisonment, based on an offense level of 27 and a criminal history category of I. (Suppl. Presentence Investigation Report at 3, ECF No. 39.) Pursuant to Amendment 821, Soriano receives a 2-level offense level reduction because he is an offender with zero criminal history points. (*Id.* at 2-3.) Soriano's amended Guidelines range is 57 to 71 months' imprisonment, based on an offense level of 25 and a criminal history category of I. (*Id.* at 3.)

The Court finds that Soriano is eligible for a sentence reduction and adopts the above calculations as to Soriano's Guidelines range.

The Court finds further that the Section 3553(a) factors and Soriano's post-sentencing conduct weigh in favor of a reduction in Soriano's sentence, and that Soriano does not pose a danger to the public. U.S.S.G. § 1B.10 cmt. n.1(B)(i)-(iii). Soriano's offense was "extraordinarily serious," (Sent'g Tr. at 15:20-24, ECF No. 32), but several factors counsel in favor of a reduction in his sentence. First, Soriano is now 63 years old, and he has a spotless disciplinary record, both of which suggest that his current sentence is not necessary to specifically deter him. (Def.'s Mot., Ex. 2.) Second, Soriano has exhibited conduct that

establishes that he will contribute to his community after he is released: Soriano has engaged in numerous educational, rehabilitative, and employment opportunities during his term of incarceration. (*Id.*, Ex. 1.) In addition, he has secured employment post-release with Y.A.B.E. Trucking, LLC. (*Id.*, Ex. 4.) Third, Soriano has a loving family and a home to which he can return. (*Id.*, Ex. 3.) The Court concludes that a reduction in Soriano's sentence to 57 months is "sufficient, but not greater than necessary," to accomplish the goals of sentencing.

Having considered the record in this case, it is ORDERED that Soriano's term of imprisonment is reduced to 57 months' imprisonment. All other components of the sentence remain as originally imposed. This Order is effective February 1, 2024. *See* U.S.S.G. § 1B.10(e)(2) & cmt. n.7.

SO ORDERED.

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

Dated: January 30, 2024
New York, New York